**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-10016-01-WEB |
| | ) | |
| SCOTT HILDRETH, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Now before the court are Plaintiff's and Defendant's motions in limine.  (Doc. 16, 18, 19). The

record shows that Defendant was indicted on July 26, 2005 on two counts of knowingly possessing a

machine gun in violation of 18 U.S.C. § 922(o).  (Doc. 11).  The Court held oral arguments for these

motions on August 8, 2005 and the Court requested each party submit additional briefs.  (Doc. 20, 21).

The Court now addresses the motions as supplemented by the oral arguments and the additional briefs.


I.  Defendant's Motions in Limine

Defendant requests that the Court exclude any evidence showing that Defendant and his former

wife filed for bankruptcy on or about September 25, 2002.  The Government makes no argument that

evidence showing bankruptcy would be relevant.  Fed. R. Evid. 401.  The Court does not see the

relevance of bankruptcy to the charged offenses; therefore, Defendant's motion is granted with respect to

the bankruptcy filing of Defendant and his wife.

Defendant next requests exclusion of evidence that he allegedly perpetrated bankruptcy fraud.

Defendant alleges that these matters are irrelevant, overly prejudicial and would implicate Defendant's privilege against self-incrimination.  Fed. R. Evid. 403; Fed. R. Evid. 608(b).

The Government has conceded this point and will not cross examine the defendant on the alleged bankruptcy fraud except to the extent that on direct examination, the defendant opens the door to the issue. Defendant's motion on this issue is granted.  *See Air Et Chaleur, D.A. v. Janeway*, 757 F.2d 489, 496 (2d Cir. 1985); *Brown v. United States*, 526 U.S. 314, 321 (1958).

Defendant next requests that the Court exclude evidence that he was an unlicensed dealer in firearms.  Defendant alleges that these matters are irrelevant and overly prejudicial.  Fed. R. Evid. 401; Fed. R. Evid. 403.  The Government argues that it should be allowed to introduce evidence on this issue because it is relevant to the charged offense, it shows that Defendant has knowledge of firearms, and it provides the reason why Defendant became the subject of an ATF investigation.

The trial court is granted broad discretion in determining the relevance of evidence under Rule 401. *United States v. Neal,* 718 F.2d 1505, 1509 (10th Cir. 1983).  The Court will use a two step analysis to resolve this relevancy question.  *United States v. Levine,* 970 F.2d 681, 688-689 (10th Cir. 1992). First, is the evidence relevant under Rule 401 and if so, should it be excluded as unfairly prejudicial.  *Id.*

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

The Court finds that Defendant's status as an unlicensed dealer of firearms to be irrelevant to the charged offenses.  His failure to possess a license to deal in firearms does not make it more or less probable that he has knowledge of firearms or possessed the machine guns at issue.  Indeed, the Government stated

that the only time it would be necessary to raise this issue would be to explain how the ATF became interested in Mr. Hildreth; however, the Government fails to explain how this background information tends to make any consequential fact more or less probable in the charged offense. (Tr. at 10). It is unnecessary for the Court to reach the second step of the relevancy analysis. Defendant's motion is granted with respect to this issue.

Finally, Defendant requests that the Court exclude evidence of three related issues: 1) that he sold firearms to a person that was not a resident of Kansas; 2) that at a gun show in October 2003 he purchased an alleged machinegun in Tulsa, Oklahoma and later sold that same firearm; and 3) that on May 7, 2004 Defendant sold a firearm to an undercover ATF agent and told him how to convert the firearm to a machinegun. Defendant alleges that these matters are irrelevant and overly prejudicial. Fed. R. Evid. 403. The Government argues that this evidence would be relevant to show Defendant's knowledge of firearms.

The Court will use the same two step analysis described earlier to resolve this question. *Levine,* 970 F.2d at 688-689; Fed. R. Evid. 401.

The Court finds that evidence of these three issues is relevant to the charged offenses because it shows Defendant's knowledge of firearms. See Fed. R. Evid. 404(b) (evidence of acts admissible to show knowledge); see 18 U.S.C. § 922(o); *see Staples v. United States*, 511 U.S. 600, 602 (1994) (the Government must prove beyond a reasonable doubt that a defendant knows a machinegun he possesses has the characteristics that bring it within the statutory definition of a machinegun); *United States v. Rogers,* 94 F.3d 1519, 1523 (11th Cir. 1996) (conviction under 922(o) reversed because Government failed to show evidence that defendant knew firearm had been altered to operate as a fully automatic weapon);

-3-

*United States v. Gonzalez,* 121 F.3d 928, 937 (5th Cir. 1997) (for a conviction under 922(o), Government must prove defendant knew firearm was a machinegun).

Federal Rule of Evidence 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." "The trial court has broad discretion to determine whether prejudice inherent in otherwise relevant evidence outweighs its probative value." *United States v. Youts*, 229 F.3d 1312, 1319 (10th Cir. 2000). "Exclusion of evidence under Rule 403 is an extraordinary remedy and should be used sparingly." *United States v. Magallanez*, 408 F.3d 672, 679 (10th Cir. 2005) (internal quotations and citations omitted).

The Court does not find that Defendant's sales of firearms to be so prejudicial as to outweigh its probative value. This evidence is not such that is likely to lead the jury to render findings on an improper or emotional basis. Fed. R. Evid. 403 Advisory Committee's Note. Because knowledge is a critical part of the Government's case, the probative value outweighs any prejudice Defendant may suffer; therefore, Defendant's motion is denied on these three issues. *See S.E.C. v. Peters*, 978 F.2d 1162, 1171 (10th Cir. 1992) (courts should give evidence maximum reasonable probative force and minimum reasonable prejudicial value).

## II.  Government's Motions in Limine

The Government requests that the Court preclude Defendant from asserting the defense of entrapment. The Court ruled on this at the August 2005 hearing stating: "[y]ou have got the right to rasie any defense you want to in this case...If your evidence doesn't show entrapment, then of course I would not instruct [the jury]". (Tr. at 13). The Government's motion is denied as to this issue.

The Government next requests that the Court preclude Defendant from introducing a letter from the Department of the Treasury into evidence. The letter is from the former ATF Chief of the Firearms and Technology branch dated August 21, 1980 and is addressed to Mr. Martin Pearl. The letter informs Mr. Pearl how to modify firearms to remove them from the provisions of the National Firearms Act. (Doc 19 at Ex. A). The Government argues that this letter is not relevant. Although directed by the Court, Defendant fails to address this issue in his supplemental brief. (Tr. at 23). The Court grants the Government's motion to exclude this document as not relevant for two reasons. Fed. R. Evid. 401. First, Defendant has not provided any argument for this document's relevance. Two, the relevance of this document is not immediately apparent from its face. It is twenty-five years old and it is neither addressed to Defendant nor does it mention his name. However, the Court will re-consider this ruling if Defendant makes a proffer of this document's relevance no later than Friday, September 23 2005.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion in Limine (Doc. 16) be GRANTED in part and DENIED in part ;

IT IS FURTHER ORDERED that the Government's motions in Limine (Doc. 18, 19) be GRANTED in part and DENIED in part.

SO ORDERED this 21st day of September, 2005.

 s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge