IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  05-10016-01-WEB |
| ) | |
| SCOTT HILDRETH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court for sentencing on February 13, 2006.  In the course of the sentencing hearing, the court ruled orally on the defendant's objections to the Presentence Report and his motion for a variance or downward departure from the sentencing guidelines.  This written memorandum will supplement the court's oral rulings.

I. *Objections to the Presentence Report*.

1.  The defendant first objects to the inclusion in the Presentence Report of a recitation of the original indictment against the defendant, which was dismissed upon motion of the government .  Defendant argues that the inclusion of this information is prejudicial.

The court will deny this objection.  A summary of the original charges is included in the Presentence Report merely to inform the court about the history of the case.  There is no prejudice to the defendant from the inclusion of this information in the Report.

2.  Defendant's second objection is that he should be given a 2-point reduction for acceptance of

responsibility. He points out that USSG § 3E1.1 recognizes that a defendant who proceeds to trial is not precluded from receiving such a reduction if he went to trial to assert or preserve legal issues that do not relate to factual guilt. *Id*., comment, n.2. Defendant argues that he went to trial to assert the legal defense of entrapment, and that his pre-trial conduct and statements show he admitted and accepted responsibility for his actions. The Government opposes a reduction, arguing that the defendant denied the factual elements of guilt and forced the Government to prove each of the elements at trial.

Section 3E1.1 provides a 2-level reduction in the offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." This adjustment is not intended to apply, however, to a defendant who puts the Government to its burden of proof at trial by denying the essential factual elements of guilt, and then only admits guilt and expresses remorse after being convicted. *Id*, comment, n.2. The court agrees with the Government that the defendant did not proceed to trial merely to preserve issues unrelated to factual guilt. He challenged the factual elements of guilt at trial, and under the standards of the guidelines he is not entitled to this reduction in the offense level.

3. Defendant's third objection is an argument for a downward departure. He argues that all of the circumstances, including the loss of financial support his family would suffer if he were to be imprisoned, warrant a downward departure. Defendant has also filed a Motion for a Variance from the sentencing guidelines, in which he argues that the factors in Section 3553(a) show that a sentence of probation rather than a sentence within the advisory guideline range would be appropriate under the facts of the case.

The Government opposes a departure or a sentence outside the guidelines. It points out that the defendant has a prior conviction for the Sale of Cocaine. It also argues the evidence at trial showed the defendant had a strong pre-disposition to purchase automatic weapons, and that his motivation for

committing the instant offense was greed. Finally, it argues that a guideline sentence is necessary to ensure that the defendant's conviction has a deterrent effect on others who might think about engaging in such conduct.

The court cannot conclude that a departure is warranted under any of the recognized categories of the guidelines. Circumstances such as a defendant's employment record and his family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted. *See e.g.,* USSG § 5H1.5, 5H1.6. Under the factors in 18 U.S.C. § 3553(a), however, the court concludes this is an appropriate case for a variance sentence below the guideline range.

The court recognizes that the prescribed guideline range for imprisonment in this case is 27 to 33 months, but the court intends to deviate from the advisory range and place the defendant on probation for a term of three years, together with a fine of $6,000 and a special assessment of $100. In arriving at this sentence, the court examined the factors in 18 U.S.C. § 3553(a) and determined a three year term of probation meets the statutory criteria of a sentence that is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. The court has considered the nature and circumstances of the offense and the history and characteristics of the defendant as presented both at trial and in the Presentence Report. The court notes the defendant was not a casual collector of firearms, but was involved in the buying and selling of firearms with the motivation of potential monetary gain. However, there is no indication -- with the exception of the machinegun possessed in the instant offense -- that the defendant was involved in the ongoing conduct of buying, selling, or possessing machineguns.

The court examined the defendant's personal characteristics and notes he has a history of long-term gainful employment, which allows him to financially support himself and meet the needs of his children.

Further, he does not have a history of aggressive, violent or non-compliant behavior, and thus he poses a low risk of danger to the community at large.

The defendant's conviction in this case will prohibit him from ever lawfully possessing any firearm again. The conditions of probation will address issues related to community safety and provide an added measure of deterrence from subsequent criminal behavior. Pursuant to statute, the defendant will submit to urine testing and DNA sampling. The court has high expectations of the defendant's performance while on probation and cautions the defendant that should be fail to abide by all of the conditions of probation, the court retains the authority under 18 U.S.C. § 3565 to revoke the probation and resentence the defendant under 18 U.S.C. § 3553 up to the statutory maximum of 10 years' imprisonment.

II. *Conclusion*.

Defendant's objections to the Presentence Report are DENIED. Defendant's Motion for a Variance Sentence or Departure (Doc. 42) is GRANTED IN PART and DENIED IN PART to the extent set forth above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this __15th__ Day of February, 2006, at Wichita, Ks.

                                        s/Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge